**HALL LABORATORIES, Incorporated,**

v.

**KINGAN, Incorporated.**

Civ. A. No. 2084.

United States District Court
E. D. Virginia, Richmond Division.

Aug. 1, 1956.

Bowles, Anderson & Boyd, Richmond, Va., Blenko, Hoopes, Leonard & Buell, James K. Everhart, Jr., Pittsburgh, Pa., for plaintiff.

Hunton, Williams, Gay, Moore & Powell, Richmond, Va., Munn, Liddy, Nathanson & March, New York City, for defendant.

STERLING HUTCHESON, Chief Judge.

Hall Laboratories, Incorporated, a Pennsylvania corporation, hereinafter referred to as the plaintiff, is the owner of United States Letters Patent 2,513,094 which issued on June 27, 1950. The invention of the Hall Patent is for "Curing of Meat to Inhibit Undesirable Color Change". The invention is of recognized utility and value and has been extensively used by meat packers. Kingan, Incorporated, a Delaware corpora-

tion, hereinafter referred to as defendant, was first instructed in the use of the invention of the Hall Patent by representatives of plaintiff. Subsequent to this introduction to the use of the invention, the defendant has practiced the invention in its commercial trade without paying royalties to plaintiff.

It is conceded by defendant that in fact there has been an infringement and this action is brought solely on the issue of patentability.

■ Defendant's defenses may be summarized under the broad headings of "prior art" and failure of commercialization in that the patent does not do what it purports to do nor is it widely accepted. Taking these in inverse order, it is clear that the evidence does not substantiate the latter defense. Some 131 meat packers, more or less, are using the invention and paying royalties thereon and of the top 10 meat packers, only Kingan is not paying royalties.[1]

■ The evidence of prior art is contained in some 20-odd patents that cover a wide range largely remote in so far as connection or association with the Hall Patent is concerned. Under the well-established rule this defense of prior art is totally lacking. See Hoeltke v. C. M. Kemp Manufacturing Company, 4 Cir., 1935, 80 F.2d 912; Lever Bros. Company v. Proctor and Gamble Manufacturing Company, 4 Cir., 1943, 139 F. 2d 633; Diamond Rubber Company of New York v. Consolidated Rubber Tire Company, 1911, 220 U.S. 428, 31 S.Ct.

444, 55 L.Ed. 527; Naylor v. Alsop Process Company, 8 Cir., 1909, 168 F. 911, and others. The statutory test on patentability is laid down in 35 U.S.C. § 103,[2] and is to the effect that, "if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." Application of this test to the instant case indicates that the art taught by the Hall Patent is patentable.

Triangle Conduit and Cable Company v. National Electric Products Corporation, 3 Cir., 1945, 149 F.2d 87, has been cited on the defense of lack of commercialization. The case at bar however, is easily distinguishable on the facts in that the wholesale use of that product was prompted by economic motives solely because it was the cheapest wire available that would meet the necessary safety requirements. Clearly such is not the situation here as attested by the fact that the defendant itself refuses to pay the royalties and yet practices the art taught by the Hall Patent.

■ In view of the foregoing I conclude that the Hall Patent was patentable and in light of the admitted infringement, judgment in favor of the plaintiff should be entered.

In lieu of a more comprehensive opinion, it is my purpose to file somewhat exhaustive findings of fact.

---

1. Wilson has recently commenced using the invention.

2. 35 U.S.C. § 103: Conditions for patentability; non-obvious subject matter. "A patent may not be obtained though the intention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented

and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made. July 19, 1952, c. 950, § 1, 66 Stat. 798."